UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSE GUADALUPE LLAGAS BOLANOS,

                    Plaintiffs,

      -v-

THE CITY OF NEW YORK, New York City Taxi and Limousine Commission ("TLC") Officer WEINING ZHOU (Shield No. 1240), TLC Officer OMAR SONO (Shield No. 1428), TLC Officer MARZAN, TLC Sergeant ATILLA, in their individual capacities,

                    Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Index No. 16-CV-435

---

Plaintiff Jose Guadalupe Llagas Bolanos, by his attorneys Gillian Cassell-Stiga and David B. Rankin of Rankin & Taylor, PLLC, for his complaint, does hereby state and allege:

**PRELIMINARY STATEMENT**

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, along with pendent claims under the laws of the State of New York.

2. Plaintiff Jose Guadalupe Llagas Bolanos' rights were violated when officers of the New York City Taxi and Limousine Commission ("TLC") unconstitutionally assaulted plaintiff in manner constituting a gross abuse of authority. By reason of defendants' actions, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that plaintiff's claim arose in the Eastern District of New York.

6. In accordance with the requirements of New York General Municipal Law § 50-e, Mr. Llagas filed a timely Notice of Claim with the New York City Comptroller on or about February 4, 2015. Thus, this Court has supplemental jurisdiction over Mr. Llagas' claims under New York law because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

7. Mr. Llagas' claims have not been adjusted by the New York City Comptroller's Office.

8. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

9. Plaintiff Mr. Llagas is, and was at all times relevant to this action, a resident of the County of Kings in the State of New York.

10. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and police officers as said risks attach to the public consumers of the services provided by the TLC.

11. TLC Peace Officer Weining Zhou (Shield No. 1240) ("Zhou"), TLC Peace Officer Omar Sono (Shield No. 1428) ("Sono"), TLC Peace Officer Marzan ("Marzan"), TLC Sergeant Atilla ("Atilla"), (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

12. The individual defendants are being sued in their individual capacities.

13. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the TLC, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the TLC at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the TLC and incidental to the lawful pursuit of their duties as officers, employees and agents of the TLC.

14. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

15. At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

16. At approximately 2:30 p.m. on November 6, 2014, Mr. Llagas was assaulted and falsely arrested by TLC Officers Zhou and Sano in the parking lot of the Costco located at 976 Third Avenue in Kings County in the State of New York.

17. Mr. Llagas was approached by the two officers who believed him to be the owner of a vehicle operating as a taxi without a license.

3

18. Mr. Llagas places his hands up against the car as instructed by the officers.

19. Not a fluent English speaker, Mr. Llagas attempted to explain he was not the owner of the vehicle.

20. TLC Officers Zhou and Sano threw Mr. Llagas to the ground causing him injury.

21. Although Mr. Llagas did not resist the arrest or application of handcuffs, Officers Zhou and Sano continued to employ excessive force causing Mr. Llagas severe pain.

22. Additional officers were called to the scene.

23. Although Mr. Llagas immediately complained of severe physical pain, he was brought to the 72nd precinct and held in custody. Injury to Mr. Llagas was visually apparent.

24. He was then transferred to Lutheran Medical Center where he was held for three days without any contact with his family or an attorney.

25. Eventually, he was brought before a judge and released on his own recognizance.

26. Mr. Llagas was charged with Assault in the Third Degree (P.L. § 240.00(1)), Obstructing Governmental Administration in the Second Degree (P.L. § 195.05), Resisting Arrest (P.L. § 205.30), Attempted Assault in the Third Degree (P.L. § 110/120.00(1)), Menacing in the Third Degree (P.L. § 120.15), Operating Unlicensed Vehicle For Hire (A.C. § 19-506(B)), and Harassment in the Second Degree (P.L. § 240.26(1)), sworn out by defendant Zhou.

27. These charges were based on the false statements of defendants Zhou and Sano.

28. Mr. Llagas appeared in court on four occasions before accepted an adjournment in contemplation of dismissal.

29. The charges against Mr. Llagas were dismissed on April 29, 2015.

30. Mr. Llagas underwent multiple surgeries on his knee as a result of this incident.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983
*(Against the individual defendants)*

31. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32. By their conduct and actions in using excessive force, fabricating evidence, abusing process, falsely arresting plaintiff, and by failing to intercede to prevent the complained of conduct, the individual defendants, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

33. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS
*(Against the City of New York)*

34. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

35. At all times material to this complaint, defendant City had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

36. At all times material to this complaint, defendant City failed to properly train, screen, supervise, or discipline its employees and police officers, including the individual

defendants, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individual defendants.

37. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

38. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM
### ASSAULT AND BATTERY
### UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against all defendants*)

39. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

40. By the actions described above (namely, forwarding false information to other police officers, resulting in the custodial arrest of plaintiff), the individual defendants did inflict assault and battery upon plaintiff. The acts and conduct of individual defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

41. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

6

42. As a result of the foregoing, plaintiff suffered emotional distress, humiliation, and was otherwise damaged and injured.

### FORTH CLAIM
### NEGLIGENT HIRING, SCREENING, SUPERVISION, AND RETENTION
### UNDER THE LAWS OF THE STATE OF NEW YORK
*(Defendant the City of New York)*

43. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

44. Defendant the City of New York negligently hired, screened, retained, supervised, and trained the individual defendants.

45. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

### FIFTH CLAIM
### NEGLIGENCE
### UNDER THE LAWS OF THE STATE OF NEW YORK
*(Defendant the City of New York)*

46. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

47. Defendant City owed plaintiff a duty of care to maintain a police department which acts in accordance with law and for which it is ultimately responsible.

48. The officer defendants owed plaintiff a duty of care to exercise reasonable caution and proportionality in the use of force and to exercise due diligence to ascertain probable cause before affecting his arrest.

49. The defendants, jointly and severally, breeched their duty of care and negligently caused injuries, emotional distress and damage to plaintiff. The acts and conduct of the individual

defendants were the direct and proximate cause of injury and damage to plaintiff, and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

50. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

51. As a result of the foregoing, plaintiff was deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

52. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That he be awarded punitive damages against the individual defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated:   January 27, 2016
         New York, New York

Respectfully submitted,

By: _____
Gillian Cassell-Stiga
David B. Rankin

8

Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507